IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DIETRICK LEWIS JOHNSON, SR.,** ) | |
|       **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:14-CV-4015-P |
| ) | |
| **CITY OF DALLAS, ET AL.,** ) | |
|       **Defendants.** ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.    Background**

Plaintiff is a federal prisoner. He filed this complaint pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Collin County Sheriff's Department, the Dallas Police Department, the City of Dallas, the United States Marshal Service, and the Dallas Police Department Auto Pound.

Plaintiff's claims arise from his arrest in March, 2012. On March 21, 2012, Petitioner arrived at his ex-girlfriend's place of employment and grabbed her when she exited her vehicle. *Johnson v. United States*, No. 4:14-CV-460-MAC-DDB at 3-4 (E.D. Tex. Sherman Div.). He pointed a firearm at her side and forced her into her car. *Id*. He drove her to a nearby parking lot where his car was parked, and forced her into his car. *Id*. He drove her to his apartment and instructed her to call the District Attorney's Office to tell them she was dropping charges she had

filed against Petitioner. *Id*. She called the District Attorney's Office and they informed her that she was required to file papers at the District Attorney's Office. *Id*. Petitioner asked her if they could get back together and asked her to have sex. *Id*. Fearing Petitioner's reaction if she said no, she complied. *Id*. Petitioner later drove her back to her car. *Id*.

An arrest warrant was issued for Petitioner's arrest. On March 27, 2012, he was arrested at his apartment. *Id*. Officers searched Petitioner's vehicle and found a loaded gun in plain view in the backseat. *Id*.

Petitioner was charged in United States District Court for the Eastern District of Texas with carjacking in cause number 4:12-CR-0800-001. He pled guilty to the charges and was sentenced to 240 months in prison. He was also charged in state court in Collin County with aggravated kidnaping in cause number 219-81234-2013. On August 1, 2013, he pled guilty to the aggravated kidnaping.

Plaintiff claims the Collin County Sheriff's Department kicked in his apartment door and took him into custody without a warrant. He states the Dallas Police Department illegally searched his vehicle during his arrest and unlawfully seized a gun from his vehicle. He claims they unlawfully towed his vehicle to the Dallas Police Auto Pound, and that they left his apartment unsecured after arresting him which resulted in the apartment being burglarized. He claims the Marshal Service unlawfully kicked in his apartment door and arrested him without a search warrant, and that they lied when they stated he gave them consent to search his vehicle. He claims the Dallas Police Auto Pound unlawfully released his vehicle to an unknown person. Plaintiff seeks money damages.

**II.** **Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**III.** **Discussion**

**1.** **Dallas Police Department, Dallas Police Auto Pound, and City of Dallas**

Plaintiff claims the Dallas Police Department illegally searched his car and towed it to the Dallas Police Auto Pound, and that the Auto Pound released his vehicle to someone he does not know. He also claims the Dallas Police Department left his apartment unsecured after he was arrested and that, as a result, the apartment was burglarized. Plaintiff does not raise any claims

against the City of Dallas. The Court therefore considers Plaintiff's claims against the Dallas Police Department and the Dallas Police Auto Pound to also be claims against the City of Dallas.

Plaintiff previously raised these exact claims in *Johnson v. Dallas Police Department, et al.*, No. 3:13-CV-4537-D (N.D. Tex.). The Court summarily dismissed the claims as frivolous on January 28, 2014. Plaintiff may not relitigate these claims in this complaint. *See Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983) (stating the doctrine of res judicata "bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication.") (citing *Allen v. McCurry*, 449 U.S. 90 (1980)). Plaintiff's claims against the Dallas Police Department and the Dallas Auto Pound should be dismissed.

**2.      Collin County Sheriff's Department**

Plaintiff claims the Collin County Sheriff's Department kicked in his apartment door and took him into custody without a warrant.

The Collin County Sheriff's Department is a nonjural entity. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**         Page -4-

defendant with a jural existence). *Hutchinson v. Box*, 2011 WL 839864, No. 4:10-CV-240 (E.D. Tex. Feb. 17., 2011). The Collin County Sheriff's Department should therefore be dismissed.

**3.     United States Marshal Service**

Plaintiff claims the Marshal Service kicked down his apartment door without a search warrant and illegally searched his car. To the extent Plaintiff seeks to raise these claims pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), the claims are without merit. A *Bivens* action only provides a remedy for victims of constitutional violations by government officials in their individual capacities. It does not provide for a cause of action against the United States or a federal agency. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).

Additionally, the extent Plaintiff raises these claims pursuant to the Federal Tort Claims Act ("FTCA"), he has failed to exhaust his administrative remedies. The FTCA contains a limited waiver of sovereign immunity allowing suit against the United States. *See* 28 U.S.C. § 2671, *et seq*. Under the FTCA, however, exhaustion of administrative remedies is a jurisdictional prerequisite. The FTCA bars a claimant from bringing suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months. *See* 28 U.S.C. § 2675(a). In *McNeil v. United States*, 508 U.S. 106, 112 (1993), the Supreme Court held that failure to completely exhaust administrative remedies prior to filing a claim under the FTCA is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. Subsequent to *McNeil*, the Fifth Circuit reaffirmed that exhaustion of administrative remedies is jurisdictional where the United States is a defendant, and that the requirement cannot be waived. *Price v. United States*, 69 F.3d 46, 54

(1995). Therefore, a prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed." *Id*. (citing *McNeil*, 508 U.S. at 106).

In this case, Plaintiff states he did not exhaust his claims under the FTCA. (*See* Magistrate Judge's Second Questionnaire, Answer No. 5.) These claims should therefore be dismissed.

**4.**     ***Heck v. Humphrey***

Plaintiff's claims regarding his unlawful arrest and search of his vehicle are also barred the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Heck holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 486-87. If so, the claim is barred. *Id*.

Plaintiff claims he was illegally arrested and his vehicle was illegally searched to obtain the firearm. Plaintiff has failed to show, however, that his resulting convictions for carjacking and aggravated kidnaping have been declared invalid by a state tribunal or federal court. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**IV.     Recommendation**

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this 26th day of August, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).