IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DIETRICK LEWIS JOHNSON, SR., )
         Plaintiff, )
)
v. ) No. 3:14-CV-4015-G
)
CITY OF DALLAS, ET AL., )
         Defendants. )

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.    Background**

Plaintiff filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). He states he has newly discovered evidence to support his claims. For the reasons stated below, the motion should be denied.

Plaintiff is a federal prisoner. On November 13, 2014, he filed this complaint pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Defendants are the Collin County Sheriff's Department, the Dallas Police Department, the City of Dallas, the United States Marshal Service, and the Dallas Police Department Auto Pound.

Petitioner was charged in United States District Court for the Eastern District of Texas with carjacking in cause number 4:12-CR-0800-001. He pled guilty to the charges and was sentenced to 240 months in prison. He was also charged in state court in Collin County with aggravated kidnaping in cause number 219-81234-2013. On August 1, 2013, he pled guilty to

the aggravated kidnaping.

Plaintiff claims the Collin County Sheriff's Department kicked in his apartment door and took him into custody without a warrant. He states the Dallas Police Department illegally searched his vehicle during his arrest and unlawfully seized a gun from his vehicle. He claims they unlawfully towed his vehicle to the Dallas Police Auto Pound, and that they left his apartment unsecured after arresting him which resulted in the apartment being burglarized. He claims the Marshal Service unlawfully kicked in his apartment door and arrested him without a search warrant, and that they lied when they stated he gave them consent to search his vehicle. He claims the Dallas Police Auto Pound unlawfully released his vehicle to an unknown person. Plaintiff seeks money damages.

On March 29, 2016, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). On March 1, 2017, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. *Johnson v. City of Dallas*, No. 15-10942 (5th Cir. Mar. 1, 2017).

On March 30, 2017, Plaintiff filed the instant Rule 60(b) motion. He claims he has new evidence in support of his complaint.

## II. Discussion

Under Fed. R. Civ. P. 60(b)(2), a court may grant relief from a final judgment where the party submits newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59(b). In this case, however, Plaintiff cites no new evidence showing he is entitled to relief. He includes a page from an unspecified pleading which states that his private investigator went to the impound lot to check

on the location of Plaintiff's vehicle, and found that it had been released. Plaintiff claims the investigator lied about investigating the loss of his vehicle. Plaintiff's claim fails to show just cause for granting his motion for relief from judgment. Plaintiff submits only his conclusory statement that the investigator lied. He has also failed to show that his private investigator acted under color of state law as required under § 1983. *See Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir. 1984) (stating § 1983 affords redress only for conduct committed by a person or entity acting under color of state law). Plaintiff has failed to establish he is entitled to relief under Rule 60(b).

**III.    Recommendation**

The Court recommends that Plaintiff's Rule 60(b) motion be DENIED.

Signed this 24th day of May, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).